### In re HANAUER.

District Court, D. New Jersey.

Dec. 7, 1932.

Louis L. Hendler, of New Brunswick, N. J., and Frederic M. P. Pearse, of Newark, N. J., for the bankrupt.

854

Clifford I. Voorhees, of New Brunswick, N. J., for New Brunswick Trust Co.

Paul W. Ewing, of New Brunswick, N. J., pro se.

FAKE, District Judge.

The referee in this matter refused to recommend the bankrupt's discharge upon the ground that bankrupt made a false statement upon which he obtained credit. A reading of the record and a careful consideration of the briefs submitted on both sides leads to the conclusion that the referee must be sustained.

It appears that the bankrupt owed the sum of $9,000 to his wife for moneys loaned by her to him out of funds she had saved and which formed part of her individual estate. The money was used by him in a real estate venture. While this indebtedness to his wife existed, he made a statement of his financial condition to the New Brunswick Trust Company and failed to set up the said indebtedness in the statement.

When examined, the bankrupt in no way attempted to conceal the transaction with his wife, but on the contrary made full and complete answers to all questions concerning it before the referee. His attitude seems to be that as between himself and his wife, living as they were in full accord, he had a right to assume that she would never sue him for the money and therefore, in effect, it was no more than a moral obligation and no duty devolved upon him to disclose it. At all times, however, he considered it as a just debt. This is evidenced by the fact that he paid it by transferring certain corporation stock to her in satisfaction thereof, thus depleting his estate to that extent.

The issue, as I see it, is: Did the bankrupt make the statement with intent to deceive or in careless disregard of its truth or falsity? The referee gave painstaking care to this problem. He brought witnesses before him on several occasions for the purpose of delving deeply into the facts, all of which confirmed him in his conclusion that the statement was false and intended to deceive. There was a duty upon the bankrupt to make known to the trust company, either in his written statement or by other communication, the fact that he owed and intended to pay his wife the sum of $9,000, since it appears that it was always his intention to pay it. His silence in this regard condemns his act of omission.

An order will be entered sustaining the conclusion of the referee.